T.C. Memo. 2017-123

UNITED STATES TAX COURT

JAMES A. VENUTO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5883-12.　　　　　　　　　　Filed June 22, 2017.

James A. Venuto, pro se.

<u>Shaina E. Boatright</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:　Respondent determined deficiencies of $21,456 and

$15,290 in petitioner's Federal income tax for 2008 and 2009, respectively.　He

also determined:　(1) section 6651(a)(1) additions to tax of $5,356.25 and

$3,245.85 for failure to timely file Federal income tax returns for 2008 and 2009,

**[*2]** respectively; (2) section 6651(a)(2) additions to tax for failure to timely pay Federal income tax for 2008 and 2009; (3) a section 6654 addition to tax of $343.12 for failure to pay estimated tax for 2009; and (4) a section 6662(a) accuracy-related penalty of $4,285 for 2008.[1]  After concessions,[2] the issues for decision are whether petitioner:  (1) is entitled to deduct trade or business expenses for 2009 and (2) is liable for section 6651(a)(1) and (2) additions to tax for 2009.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The first stipulation of facts, the first supplemental stipulation of facts, the second

---

[1]The amounts of any sec. 6651(a)(2) additions to tax shall be determined pursuant to sec. 6651(a)(2), (b), and (c).  Unless otherwise stated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]After a day of trial, the parties resolved all issues for 2008.  Respondent conceded that petitioner was insolvent in 2009 and thus the cancellation of indebtedness income of $53,053 reflected in the notice of deficiency attributable to him was not taxable for 2009.  Respondent also conceded that petitioner was not liable for a sec. 6654 failure to pay estimated tax addition to tax for 2009 because after resolution of all issues for 2008 petitioner did not owe any income tax for 2008; therefore, he had no duty to pay estimated tax payments in 2009.  Respondent also conceded certain amounts of several of the trade or business expenses that are in issue, which will be discussed in detail infra.  Petitioner conceded that he received interest income of $125 for 2009.

[*3] supplemental stipulation of facts, the third supplemental stipulation of facts, the fourth supplemental stipulation of facts, and the facts drawn from stipulated exhibits are incorporated herein by this reference. Petitioner resided in Nebraska when he timely filed his petition.

I.      Petitioner's Professions

Petitioner has had an eclectic professional life, with titles including teacher, consultant, author, and entrepreneur. Petitioner taught high school English for two years in the early 1970s. Although he earned no income from teaching in 2009, he did complete some college-level coursework so that his teaching license could be reinstated and he could again pursue a career in teaching.

Petitioner also owned his own business, the Blackstone Group, LLC (Blackstone), through which he performed business consulting and business brokerage services in 2009. Blackstone started operations in 2008. One of Blackstone's clients was ALR Systems & Software, Inc. (ALR). Petitioner became an ALR employee on August 17, 2009. While working with ALR before petitioner became an employee, Blackstone incurred graphic art design expenses from New Idea Designs that ALR did not pay. Petitioner performed the business consulting and business brokerage services through Blackstone locally in Omaha, Nebraska, but also traveled to conduct business and to attend a conference.

**[*4]**   When petitioner traveled to conduct business, he flew to his destination and then rented a car.  Petitioner traveled to Orange County, California, for business on April 9 to 15, 2009, on May 15 to 18, 2009, on May 28 to June 1, 2009, and on November 18 to 22, 2009.  While there petitioner met with the owner of Past Times Collectibles--a longtime friend of petitioner--to consult about selling that business.  Petitioner was to be paid $35 an hour for his consulting services, to a maximum of $7,000.  He was paid $2,150 in cash under the agreement with Past Times Collectibles in 2009.  Petitioner attended one business conference in 2009.  He drove from Omaha, Nebraska, to Dallas, Texas, to attend a conference in February 2009.  He spent the night in Andover, Kansas, on that trip.

Petitioner also traveled to Phoenix, Arizona, to meet with another longtime friend to discuss that friend's construction business.  Additionally, petitioner traveled to Las Vegas, Nevada, returning to Omaha, Nebraska, on May 19, 2009.

Petitioner ran Blackstone from his home, where he had a dedicated telephone line for the business.  That business telephone line was originally for Elkhorn Publishing, Inc., a business petitioner operated in 2008 but not in 2009.  He changed the name on the telephone account in February 2009, but the line was operational the entire year. Blackstone took out ads in newspapers and carried out a direct mail campaign to small businesses to advertise its services in 2009.

**[*5]** II.    2009 Tax Forms and Expenses in Issue

Petitioner neither timely filed his 2009 Form 1040, U.S. Individual Income Tax Return, nor had one timely filed on his behalf.  On November 17, 2011, respondent, under section 6020(b), filed a substitute for return (SFR) on petitioner's behalf.  Respondent issued petitioner a notice of deficiency based on the SFR.

The parties entered into evidence a 2009 Form 1040 signed by petitioner and dated April 15, 2011.  Petitioner's proposed Form 1040 included all of the income reported on Form W-2, Wage and Tax Statement, and all of the gross receipts reflected on the SFR were also reflected on Schedule C, Profit or Loss From Business.  He included additional income of $1,000, reported on a Form 1099-MISC, Miscellaneous Income, which had not been included on the SFR. The $2,150 petitioner earned under the agreement with Past Times Collectibles was not included on the Form 1040, nor was it included on the SFR.  Attached to the Form 1040 was a computer-generated table with the heading "Schedule A - 1040 James A. Venuto".[3]  Petitioner testified that he submitted the 2009 Form 1040 to respondent in April 2011, the same time that he submitted his 2010 Form 1040.  Respondent's position is that the 2009 Form 1040 was never received.  The

---

[3]The document is redacted in accordance with Rule 27.

[*6] foundations for the parties' arguments at trial were the items claimed on the 2009 Form 1040.

The purported Schedule A contained four columns with the headings "Business Expenses", "Elkhorn Publishing, Inc.", "Blackstone Group, LLC", and "Personal Business".[4] Elkhorn Publishing, Inc., was not in operation in 2009, and the parties settled all issues related to it for 2008.[5] Petitioner claimed a deduction for trade or business expenses of $56,832, which included Elkhorn Publishing, Inc. expenses of $23,451. Respondent's argument is that petitioner is not entitled to deduct most of the expenses claimed on the purported Schedule A.

OPINION

Generally, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed on a

---

[4]There is no explanation in the record of what trade or business petitioner conducted through his personal business.

[5]See supra note 2.

[*7] return.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Under certain circumstances the burden of proof as to factual matters may shift to the Commissioner pursuant to section 7491(a).  Petitioner did not argue the applicability of section 7491(a) and did not show that he met its requirements to shift the burden of proof; therefore, the burden of proof remains his.

I.    Petitioner's Business Expenses

Section 162(a) permits a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  An expense is "ordinary" if it is customary or usual within a particular trade, business, or industry.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  An expense is "necessary" if it is appropriate and helpful for the business.  Commissioner v. Heininger, 320 U.S. 467, 471 (1943).

A taxpayer's burden requires him to substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine his correct tax liability.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.  If a taxpayer establishes that an expense is deductible but is unable to

**[\*8]** substantiate the precise amount, the Court may estimate the deductible amount, bearing heavily against the taxpayer whose inexactitude is of his own making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The taxpayer must present sufficient evidence for the Court to form an estimate, because without such a basis any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). For certain expenses the Cohan rule is unavailable, and a taxpayer must satisfy strict substantiation requirements before a deduction is allowed. See sec. 274.

To deduct expenses related to travel, meals and entertainment, gifts, or listed property, the taxpayer must "substantiate[] by adequate records or by sufficient evidence corroborating the taxpayer's own statement": (1) the amount of the expense (i.e., mileage); (2) the time and place of the expense; (3) the business purpose of the expense; and (4) in the case of entertainment, the business relationship between the taxpayer and the person entertained. Sec. 274(d). Listed property includes passenger automobiles. Sec. 280F(d)(4)(A)(i). To satisfy the requirements of section 274(d) by adequate records, a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish

[*9] each element of an expenditure or use. Sec. 1.274-5T(c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985).

Petitioner provided hundreds of receipts for various expenses. Although the Court recommended that he provide the Court his clients' names and the expenses associated with each, including business travel expenses, in his posttrial brief he elected not to do so. Although the receipts were arranged in four, three-ring binders for trial, the presentation of petitioner's expenses was tantamount to the "shoebox method" of substantiating them. The Court will not sort through the voluminous evidence to decide whether petitioner substantiated each and every expense he claimed. See Akey v. Commissioner, T.C. Memo. 2015-227; Patterson v. Commissioner, T.C. Memo. 1979-362. The parties disagree as to whether petitioner is allowed deductions, and if so the amounts, for 19 trade or business expense categories. For ease of discussion the Court will group the expenses into five categories.

A.  Air Travel, Lodging, Meals & Entertainment, Car Rental & Gasoline, Car & Local Gasoline Expenses

Petitioner did travel for business, and he testified about multiple business trips to California. He credibly testified about the details of his business relationship with the owner of Past Times Collectibles--who was also his friend--

[*10] including the amount petitioner was to be compensated for his services. From petitioner's testimony and the documentary evidence in the record, the Court finds that petitioner was traveling for business on the following dates: (1) April 9 to 15, 2009, (2) May 15 to 18, 2009, (3) May 28 to June 1, 2009, and (4) November 18 to 22, 2009. Petitioner met the section 274(d) strict substantiation requirements for the expenses related to his business travel on those dates, and he is entitled to deduct the air travel, lodging, and meals and entertainment expenses associated with those dates. When petitioner was in California on business, he rented a car from Thrifty Car Rental. The parties entered into evidence car rental receipts and some gasoline receipts for each of the travel dates supra. Petitioner is also entitled to deduct car rental and gasoline expenses for those travel dates.

Petitioner also testified about traveling to Phoenix, Arizona, to meet with another longtime friend to discuss that friend's construction business. Flight and car rental records were entered into evidence for that trip, too. No other evidence was presented that connected the travel to Phoenix with petitioner's business. Although the Court does not doubt that petitioner traveled to Phoenix to see a longtime friend, it does not find that petitioner's statement that there was a business purpose for his trip to Phoenix--with no more details, such as those he provided for his business relationship with the owner of Past Times Collectibles,

[*11] also petitioner's friend--substantiates a genuine business purpose for the travel. Petitioner has failed to substantiate a business purpose for his trip to Phoenix; therefore, he is not entitled to deduct any of the claimed expenses associated with that trip.

Petitioner also entered into evidence documentation of a flight from Las Vegas, Nevada, to Omaha, Nebraska, on May 19, 2009. He provided no evidence of having business in Las Vegas. Petitioner is not entitled to deduct expenses related to his travel to and from Las Vegas.[6]

Petitioner attended a conference in Dallas, Texas, in February 2009. He drove to the conference, staying overnight in Andover, Kansas. Respondent allowed a deduction for petitioner's lodging in Andover and at trial conceded two business meals for that trip. Petitioner did not substantiate expenses for any other business meals on that trip. Petitioner is also allowed to deduct the conference fee expense and his lodging expenses while in Dallas for the conference.

Petitioner testified that he drove his ex-wife's car to the conference, and he claimed a deduction for the mileage expense associated with that trip. Petitioner is

---

[6]Evidence of other flights and car rentals was entered into evidence. Petitioner's testimony failed to tie those receipts to business travel; therefore he is entitled to deduct business travel expenses only for the travel dates enumerated supra p. 10.

**[\*12]** not entitled to a deduction for mileage expenses for a car he does not own or lease.  See Siragusa v. Commissioner, T.C. Memo. 1980-68 (holding that a taxpayer could not deduct vehicle expenses for a borrowed car), aff'd, 659 F.2d 1062 (2d Cir. 1981); see also Rev. Proc. 2008-72, sec. 5.02, 2008-2 C.B. (Vol. 2) 1286, 1288 ("A taxpayer may use the business standard mileage rate with respect to an automobile that is either owned or leased by the taxpayer." (Emphasis added.)).  Petitioner did not provide any substantiation for gasoline expenses associated with driving to the conference.

Petitioner also claimed a deduction for local mileage and gasoline expenses for trips in and around Omaha.  Although the Court finds credible petitioner's testimony that he conducted business in and around Omaha, he provided no mileage log for those trips.  Petitioner is not entitled to a deduction for any of the local mileage and gasoline expenses.

The parties entered into evidence numerous receipts for meals in and around Omaha.  Petitioner did not provide any evidence of the business purpose for those meals or the names of persons with whom he dined.  Therefore, petitioner is not entitled to a deduction for any local meals and entertainment expenses.

**[*13]** B.    <u>Printing & Copying, Graphic Art Design, and Website Design Expenses</u>

Petitioner claimed a deduction for printing and copying expenses of $3,561, and respondent argued that petitioner is not entitled to deduct any of that amount. On brief respondent conceded that petitioner had paid printing expenses of $1,197 but maintained that he had not substantiated a business purpose for that amount. Petitioner testified as to, and the parties entered into evidence examples of, brochures and other advertisements for petitioner' business, Blackstone. On the basis of respondent's concession, the Court finds that petitioner is entitled to a deduction for printing and copying expenses of $1,197 for 2009.

Petitioner claimed a deduction for graphic art design expenses of $1,690, and respondent argued that petitioner was not entitled to deduct any of that amount. The parties entered into evidence an invoice from Indigo Graphics, Inc., to petitioner showing a payment of $300 on July 19, 2009, and an amount due of $811.74.

Petitioner also entered into evidence a request he submitted to ALR for payment of graphic art expenses of $850 from New Idea Design. Petitioner paid this amount before he became an ALR employee, and ALR did not repay petitioner. The Court finds that petitioner is entitled to a deduction for graphic art

[*14] expenses of $1,150 ($300 paid to Indigo Graphics, Inc., and $850 paid to New Idea Design) for 2009.

Petitioner claimed a deduction for website design expenses of $3,970, and respondent argued that petitioner was not entitled to deduct any of that amount. The parties entered into evidence a canceled check for $1,500 payable to Teknote System. Written in the check's memo line is "WEBSITE-BLACKSTONE". The Court finds that petitioner is entitled to a deduction for website design expenses of $1,500 for 2009.

### C.     Computer Equipment and Computer Maintenance Expenses

Petitioner claimed deductions for computer equipment and maintenance expenses of $1,748 and $506, respectively. Respondent argued that petitioner is not entitled to deduct any computer equipment expenses, but he conceded that petitioner is entitled to a deduction for computer maintenance expenses of $136.43. Petitioner credibly testified about the purchase of computer equipment in 2008, but there is no evidence in the record of the purchase of any computer equipment in 2009.[7] Therefore petitioner is not entitled to a deduction for any

---

[7]Petitioner did not argue that the computer expense for 2009 was depreciation for the computer equipment purchased in 2008. Even if he had, he failed to meet the strict substantiation requirements for listed property, which includes computer equipment. See sec. 280F(d)(4); sec. 1.274-5T(b)(6)(i)(B),

(continued...)

[*15] computer equipment expenses in 2009.  Petitioner testified that he used Elkhorn Computer for computer maintenance.  The parties entered into evidence canceled checks payable to Elkhorn Computer drafted on Blackstone's account totaling $462.23.  Petitioner is entitled to a deduction for computer maintenance expenses of $462.23, which includes the $136.43 respondent conceded, for 2009.

D.    Supply, Shipping & Postage, Business Education, Telephones & Internet, Association Fees & Dues, Books & Materials, and Miscellaneous Expenses

Respondent argued that petitioner is not entitled to a deduction for any supply, shipping and postage, business education, telephones and internet, and association fees and dues expenses.  He also argued that petitioner is entitled to a deduction for books and materials and miscellaneous expenses of only $75 and $187.47, respectively.

Petitioner claimed a deduction for supply expenses of $920 but offered no evidence at trial to substantiate those expenses.  Therefore, he is not entitled to a deduction for any supply expenses.

Petitioner claimed a deduction for shipping and postage expenses of $1,957.  He substantiated shipping expenses of $168.08 and postage expenses of $462 for

<hr />

[7](...continued)
Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

[*16] 2009. Petitioner's other receipts were illegible or related to Elkhorn Publishing, Inc.,[8] or no connection was made between the receipts and petitioner's business.

Petitioner claimed a deduction for business education expenses of $1,032. The only education expenses to which petitioner testified or for which he provided documentary evidence were tuition payments related to classes in which he enrolled so that he could have his Nebraska teaching license reinstated. Petitioner was a high school English teacher for two years in the 1970s but had not taught since then. Petitioner was not in the trade or business of teaching but paid his tuition expenses so that he might resume teaching after an absence of more than 30 years. Petitioner is not entitled to a deduction for any of his business education expenses. See Wyatt v. Commissioner, 56 T.C. 517 (1971) (finding that a taxpayer who had been absent from teaching for fours years was not in the trade or business of teaching and was preparing for the resumption of an old trade or business).[9]

---

[8]See supra p. 6.

[9]Respondent conceded that petitioner's qualified tuition expense for 2009 is eligible for a lifetime learning credit subject to the parties' Rule 155 computations.

[*17]  Petitioner claimed a deduction for telephone and internet expenses of $1,576.  Petitioner testified to and provided documentary evidence that supported the fact that he had two telephone lines at his residence--one for personal use and one for business use.  Both lines were operational for the entire year in issue.  In February 2009 petitioner changed the name on the account for the business line from Elkhorn Publishing, Inc., to Blackstone.  The February telephone statement for the business line showing a charge of $59.55 for a month's service was entered into evidence.  Petitioner is allowed a deduction for phone expenses of $714.60 ($59.55 × 12 months) for 2009.  See Cohan v. Commissioner, 39 F.2d 540.  Petitioner did not enter any evidence of what amounts of his internet use were for personal or for business purposes.  He is not entitled to a deduction for telephone and internet expenses in excess of the $714.60 the Court has allowed.

Petitioner claimed a deduction for association fees and dues of $700.  He did not provide any substantiation for that amount.  Therefore, he is not entitled to a deduction for any association fees and dues expenses for 2009.

Petitioner claimed a deduction for books and materials expenses of $279, and respondent has conceded that petitioner substantiated $75 of those expenses.  Petitioner produced an invoice totaling $270.24 for the purchase of the books 2009 Business Reference Guide and The Complete Guide to Business Brokerage.

[*18] The invoice states that the payment method for the purchase was by credit card. Petitioner has substantiated and is entitled to a deduction for books and materials expenses of $270.24, which includes the $75 respondent conceded, for 2009.

Petitioner claimed a deduction for miscellaneous expenses of $3,286, and respondent conceded that petitioner substantiated $187.47 of those expenses. Petitioner did not substantiate miscellaneous expenses in excess of the $187.47 respondent conceded; therefore, that is the amount of a deduction for miscellaneous expenses to which he is entitled for 2009.

E.      Interest on Loans and Interest on Credit Cards Expenses

Petitioner claimed a deduction for interest expenses on loans and credit cards of $1,981 and $1,521 for 2009, respectively. Generally, a deduction is allowed for interest paid or accrued on indebtedness. Sec. 163(a). No deduction is allowed, however, for personal interest paid or accrued on indebtedness. Sec. 163(h)(1). For purposes here, "personal interest" is any interest allowable as a deduction under this chapter other than interest paid or accrued on indebtedness properly allocable to a trade or business. Sec. 163(h)(2)(A).

The only loan documents in the record are for a loan for Elkhorn Publishing, Inc., that was paid in full in 2008. There are no loan documents for 2009.

**[\*19]** Although Blackstone did have a business credit card, no statements were entered into evidence detailing the interest paid in 2009. Therefore, petitioner is not entitled to a deduction for any loan or credit card interest expenses for 2009.

II.   Section 6651(a)(1) and (2) Additions to Tax

Section 6651(a)(1) and (2) imposes additions to tax for failure to timely file a Federal income tax return and failure to timely pay tax liabilities, respectively, unless it is shown that the failure is due to reasonable cause and not due to willful neglect. The addition to tax under subsection (a)(1) is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent. The addition to tax under subsection (a)(2) is 0.5% per month of the amount due during which such failure continues, up to a maximum amount of 25%.

The Commissioner bears the burden of production with respect to any penalty or addition to tax. Sec. 7491(c). Petitioner did not timely file a Federal income tax return for 2009. Respondent has met his burden of production for the 6651(a)(1) addition to tax for 2009.

Respondent filed an SFR under section 6020(b) for petitioner for 2009. A return prepared by the Commissioner in accordance with section 6020(b) is treated

**[\*20]** as the return filed by the taxpayer for the purpose of determining the amount of the addition under section 6651(a)(2). Sec. 6651(g)(2); Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006). Respondent has the burden of proving that an SFR for 2009 satisfying the requirements of section 6020(b) was submitted. See Cabirac v. Commissioner, 120 T.C. 163, 170 (2003), aff'd without published opinion, 94 A.F.T.R. 2d (RIA) 2004-5490 (3d Cir. 2004); Gleason v. Commissioner, T.C. Memo. 2011-154, 2011 WL 2600917, at \*12; see also Wheeler v. Commissioner, 127 T.C. at 210.

To constitute a section 6020(b) SFR, "the return must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a 'return'". Rader v. Commissioner, 143 T.C. 376, 382 (2014) (quoting Spurlock v. Commissioner, T.C. Memo. 2003-124, 2003 WL 1987156, at \*10), aff'd, 616 F. App'x 391 (10th Cir. 2015). The Court has held that the requirements of section 6020(b) have been met where an SFR consists of Form 4549-A, Income Tax Examination Changes (Unagreed and Excepted Agreed); Form 886-A, Explanation of Items; and Form 13496, IRC Section 6020(b) Certification. See id.; Gleason v. Commissioner, 2011 WL 2600917, at \*12.

[*21]  The SFR respondent issued to petitioner included Forms 886-A and 13496. It also included Form 5287, Income Tax Changes, which includes essentially the same information as Form 4549-A.  On Form 13496, both Forms 5287 and 4549-A are listed as possible forms to use to report the summarizing of the examination changes or adjustments to constitute a valid SFR.  The SFR respondent issued to petitioner constitutes a valid SFR and is deemed to have been filed by petitioner for purposes of section 6651(a)(2).  Therefore, respondent has also met his burden of production under section 7491(c) for the section 6651(a)(2) addition to tax for 2009.  The burden of proof thus shifts to petitioner.

A taxpayer is not liable for an addition to tax for failure to timely file or pay if he shows the untimeliness was due to reasonable cause and not due to willful neglect.  Sec. 6651(a)(1) and (2); Higbee v. Commissioner, 116 T.C. 438, 447 (2001).  Petitioner provided no evidence that he acted with reasonable cause and not willful neglect in failing to timely file a Federal income tax return or to timely pay his tax liability for 2009.  If petitioner did indeed file his 2009 Form 1040 when he filed his 2010 Form 1040--in April 2011--then by his own explanation he did not timely file his 2009 Form 1040.  Therefore, petitioner is liable for the section 6651(a)(1) and (2) additions to tax for 2009.

**[*22]**  The Court has considered all of the arguments made by the parties, and to the extent they are not addressed herein, they are considered unnecessary, moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.