T.C. Summary Opinion 2019-11

UNITED STATES TAX COURT

DONALD BURDEN AND MARY TORRES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8967-16S.                    Filed June 24, 2019.

Herald J. A. Alexander, for petitioners.

David Delduco and Huiwen A. Xi, for respondent.

SUMMARY OPINION

HALPERN, Judge:  This case was heard pursuant to the provisions of

section 7463[1] of the Internal Revenue Code in effect when the petition was filed.

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code of 1986, as amended and in effect for 2013, and all Rule references

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined a deficiency in petitioners' 2013 Federal income tax of $5,838 and an accuracy-related penalty of $1,168. Petitioners assigned error to respondent's determination of the deficiency in tax but not to respondent's determination of the accuracy-related penalty. Principally, we must determine petitioners' entitlement to certain itemized deductions.

## Background

Petitioners resided in Florida when they filed the petition. The parties have stipulated certain facts and the authenticity of certain documents. The facts stipulated are so found, and documents stipulated are accepted as authentic. Petitioners bear the burden of proof. See Rule 142(a)(1).[2]

---

[1](...continued)
are to the Tax Court Rules of Practice and Procedure. All dollar amounts have been rounded to the nearest dollar.

[2]Petitioners have not raised the applicability of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. We conclude that sec. 7491(a) does not apply here because petitioners have not produced any evidence that they have satisfied the preconditions for its application.

Employment

In 2013, Ms. Torres was employed by United Airlines as a flight attendant, and Mr. Burden was employed as a pastor by Allegheny West Conference of Seventh-Day Adventists (AWC). AWC is one of eight local conferences in the mid-Atlantic States of Delaware, Maryland, New Jersey, Ohio, Pennsylvania, Virginia, West Virginia, and the District of Columbia. AWC's territory includes Ohio, western Pennsylvania, West Virginia, specific sections of Virginia, and the tip end of Maryland.

In 2013, Pastor Burden received a salary from AWC. It also provided him with an office at Ephesus SDA Church in Columbus, Ohio, and it maintained two plans for reimbursing an employee's business-related travel expenses: an accountable plan and a nonaccountable plan.

Travel

During 2013, Pastor Burden traveled within the United States to Montgomery, Alabama; Charleston, West Virginia; Baltimore, Maryland; Cleveland, Ohio; Dallas, Texas; Newark, New Jersey; Orlando, Florida; and Roanoke, Virginia. Pastor Burden's mother lived in Montgomery, Alabama, and he and his mother owned property there.

During 2013, petitioners traveled twice to the Dominican Republic, once in January and again in September. Ms. Torres had family living there. While there, Pastor Burden engaged in recreational activities and went sightseeing and to the beaches. During the January trip, he conducted a revival ceremony.

Petitioners also traveled to Johannesburg, South Africa, for two weeks in 2013. Pastor Burden testified that he had been invited to South Africa to do morning devotions, speak on various occasions, and assist with both a naming ceremony and a wedding renewal ceremony. He traveled to South Africa with a group consisting of members of his congregation and others. While there, Pastor Burden gave a prayer of dedication during a renewal of vows ceremony. He and Ms. Torres visited the Apartheid Museum, the Robben Island Museum, Nelson Mandela's residences in Johannesburg and Soweto, Bishop Tutu's residence, and the botanical gardens.

Petitioners' Return and Respondent's Adjustments

Petitioners made a joint return of income for their 2013 taxable year on Internal Revenue Service (IRS) Form 1040, U.S. Individual Income Tax Return. On Schedule A, Itemized Deductions, they claimed deductions of $41,950 for unreimbursed employee expenses and $250 for tax preparation fees. Respondent disallowed the whole of the deduction for tax preparation fees and $40,741 of the

deduction for unreimbursed employee expenses. The disallowed employee business expenses comprise $20,334 of vehicle expenses (which petitioners determined using a standard mileage rate); $75 of parking fees, tolls, and local transportation expenses; $10,897 of travel expenses, including lodging, airfares, car rentals, and other travel expenses; $5,444 of miscellaneous business expenses not including meals and entertainment; $2,904 of meals and entertainment expenses ($1,452 after the 50% limitation); $480 of union and professional association dues; $1,440 for a "crash pad"; and $619 for "special shoes".

## Discussion

### I.    Introduction

At the conclusion of the trial, the Court set a briefing schedule and ordered seriatim briefs, with petitioners to file the opening brief. We instructed petitioners' counsel that, since much of the case turns on whether petitioners have satisfied the requirements of section 274 for substantiating traveling expenses and automobile expenses, he should be sure to familiarize himself with those requirements and, in petitioners' brief, for each claimed deduction subject to the requirements, show how the requirements were met. We suggested that the brief contain a table with columns in which he would show the expenses disallowed by respondent, the elements necessary for substantiation of each expense (e.g., the business purpose

of the expense), and a reference to the place in the record where support for each entry could be found.

We also instructed petitioners' counsel to familiarize himself with our Rules governing the content of briefs. Rule 151(e) addresses the form and content of briefs and, among other things, requires all briefs to contain proposed findings of fact, "[a] concise statement of the points on which the party relies", and the party's "argument" on each issue before the Court. That argument must "set[] forth and discuss[] the points of law involved and any disputed questions of fact." Rule 151(e)(5). Petitioners' opening brief does contain proposed findings of fact (mostly a recitation of stipulated facts) and arguably describes the points on which petitioners rely: "This is purely a substantiation case. Substantiation of the expenses * * * [is in] the substantiating [stipulated] documents." And while petitioners apply the heading "Argument" to the two quoted sentences, petitioners' statement that substantiation is in the stipulated documents does not comply with the mandate of Rule 151(e)(5) that a party in his brief discuss the "points of law involved and any disputed questions of fact." Nor have petitioners provided the tabular data we suggested (or any other presentation showing application of the substantiation rules to the expenses deducted).

We have authority under Rule 123(a) to hold petitioners or any party in default if the party fails to proceed as provided by the Rules or as required by the Court. Citing Rule 151(e)(3) and (5), we have held a party to have waived a substantiation issue that it supported on brief with only vague assertions. Adeyemo v. Commissioner, T.C. Memo. 2014-1, at *28. We will not dismiss this case for default, however, but will look to petitioners' proposed findings of fact and consider respondent's arguments in his answering brief. Petitioners filed a reply brief, but it does not remedy the defects in their opening brief.

We will proceed by first discussing relevant provisions of law and then turn to the particular items respondent disallowed.

II.     Law

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on any trade or business, including traveling expenses while away from home in the pursuit of a trade or business. The performance of services as an employee is considered a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). Thus, an employee may deduct expenses that are ordinary and necessary to his employment. Lucas v. Commissioner, 79 T.C. 1, 6 (1982). In order to deduct unreimbursed employee business expenses, a taxpayer must not have received reimbursement and must not

have had the right to obtain reimbursement from his employer. See id. at 7. A trade or business expense is ordinary if it is normal or customary within a particular trade, business, or industry, and it is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943). Whether an expenditure is ordinary and necessary is generally a question of fact. Id. at 475. Section 262(a) provides that, in general, personal, living, or family expenses are not deductible. If a taxpayer travels to a destination and, while at that destination, engages in both business and personal activities, then the traveling expenses to that destination are deductible only if the trip is primarily related to the taxpayer's trade or business. Sec. 1.162-2(b)(1), Income Tax Regs.

Generally, when a taxpayer establishes that he paid or incurred a deductible expense but is unable to prove the exact amount, the Tax Court may estimate the deductible expense. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, there must be sufficient evidence in the record to provide some basis upon which an estimate may be made. Id. In estimating the amount, the Tax Court bears heavily upon the taxpayer who failed to maintain and produce the required records. Id.

The deductibility of some expenses, however, including expenses attributable to travel, meals and entertainment, and "listed property" (including computers and passenger automobiles), is subject to strict rules of substantiation. See sec. 274(d); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

A deduction that falls under the strict substantiation rules must be disallowed in full unless the taxpayer can prove by "adequate records" or "sufficient evidence" corroborating the taxpayer's own statement:  (A) the amount of the expense; (B) the time and place the expense was incurred; (C) the business purpose of the expense; and (D) in the case of meals and entertainment, the business relationship to the taxpayer of the persons entertained.  Sec. 274(d).  For "listed property" expenses, the taxpayer must establish the amount of the business use and the amount of total use for such property.  See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by "adequate records" requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and to have documentary evidence (e.g., receipts or bills) of certain expenditures.  Sec. 1.274-5(c)(2)(iii),

Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other "sufficient evidence" requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

The Tax Court does not estimate expenses using the Cohan doctrine for section 274 expenses. Sanford v. Commissioner, 50 T.C. at 827-828; Robinson v. Commissioner, T.C. Memo. 2011-99, 2011 WL 1758518, at *9, aff'd, 487 F. App'x 751 (3d Cir. 2012).

III.    Analysis

A.    Vehicle Expenses

Petitioners claimed a deduction of $20,334 for vehicle expenses incurred by Pastor Burden. Petitioners determined that amount by applying a standard mileage rate to the 35,989 miles that they claim he drove for business purposes during 2013. To substantiate the mileage claimed, petitioners produced a calendar log and a mileage log. The calendar log shows 43,996 business miles, and the mileage log shows 44,093 business miles.

To be allowed a deduction for mileage, section 274(d) requires the taxpayer to prove by adequate records or evidence sufficient to corroborate the taxpayer's

own testimony: (1) the amount of the expenditure or use, (2) the time and place of the business use, and (3) the business purpose.

Respondent argues that the logs fail to substantiate adequately the mileage claimed under the strict substantiation requirements of section 274(d). First, he claims the logs are not reliable because they are not in agreement as to the business miles traveled during the year and petitioners have offered no explanation of the discrepancy. Second, he claims that neither log was prepared or maintained contemporaneously with the travel recorded. Indeed, Pastor Burden testified that there was another record, "a small calendar", that contained the source information for the calendar and the mileage log. Petitioners, however, did not produce the small calendar. Third, respondent claims the logs lack specificity as to the starting and ending points of the trips reported. Fourth, respondent claims that the logs contain patently wrong or dubious entries. For instance, respondent points out, the logs purport that Pastor Burden drove for business purposes 360 days out of 365 days during 2013, and, on average, he drove more than 100 business miles a day in and around Columbus, Ohio. The travel log also appears to indicate that Pastor Burden drove to and from the Dominican Republic, once in January 2013, leaving on a Sunday and returning the next Wednesday, and again in September 2013, leaving on a Sunday and returning eight days later. And the log also indicates he

drove to and from South Africa in December 2013. Also, while the logs claim business trips to Alabama, Florida, and Texas, petitioners failed to produce gas receipts or other records that would substantiate that the travel actually occurred. They also offered nothing other than Pastor Burden's testimony to prove the business purpose of any of the trips.

In sum, respondent argues:

[A]lthough it is conceivable that * * * [Pastor Burden] drove some number of miles in connection with his job, there is insufficient evidence in the record to make a finding as to the exact number of miles driven. Petitioners' logs were inaccurate, they were not contemporaneous, and they lack the specificity required for a deduction under section 274(d). Since the Court cannot apply the Cohan doctrine to estimate mileage under section 274(d), the vehicle expenses should be disallowed in full. Robinson v. Commissioner, T.C. Memo. 2011-99; Sanford v. Commissioner, 50 T.C. * * * [at] 827-828 * * * .

Petitioners in their reply brief do not answer respondent's arguments. As best we can tell, their defense to the irregularities and omissions that respondent points out in the logs is that "[t]he evidence is uncontradicted that to assure that the mileage was not overstated, fewer miles were used to compute the deduction [than were actually recorded in the logs]."

Respondent points out systematic omissions in petitioners' substantiation of the miles recorded in their logs, and the fact that petitioners claimed a deduction

for only a portion of those miles does nothing to prove that the miles for which they claimed a deduction were properly substantiated. We will sustain respondent's adjustment disallowing petitioners a deduction for vehicle expenses of $20,334.

B.    Transportation Expenses

Petitioners claimed a deduction of $75 for parking fees, tolls, and local transportation expenses incurred by Pastor Burden that did not involve overnight travel or commuting. Because petitioners have failed to introduce any testimony, records, or other evidence showing payment of the claimed transportation expenses, they have failed to carry their burden of proving that such expenses were incurred or were incurred for a business purpose. We will sustain respondent's adjustment disallowing petitioners a deduction for transportation expenses of $75.

C.    Traveling Expenses

Petitioners claimed a deduction of $10,897 for traveling expenses incurred by Pastor Burden. He testified that the amount included expenses of both his domestic and international travel during 2013. Petitioners did not, however, further break the amount down, nor did they offer any bills, receipts, or other records to substantiate Pastor Burden's domestic traveling expenses. Moreover,

they apparently did not claim a deduction for all of Pastor Burden's traveling expenses, alleging: "Days away from home on ministerial duties 100 days @ $180 per day using conservative high low method = $18,000." Petitioners do not explain what they mean by the "conservative high low method". Petitioners' unsupported claim for some indeterminate amount of domestic traveling expense does not constitute the substantiation contemplated by section 274(d). See sec. 1.274-5T(b)(2), (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6, 1985). Besides, they did not provide a copy of AWC's reimbursable travel plan and did not show that, if Pastor Burden's domestic travel was related to his pastoral duties, he was not entitled to reimbursement under that plan. If Pastor Burden was entitled to reimbursement for his domestic travel, then, as discussed supra, his traveling expenses would not have been necessary expenses deductible under section 162(a). See, e.g., Lucas v. Commissioner, 79 T.C. at 7. Petitioners have failed to substantiate adequately or otherwise prove their entitlement to deduct any amount for Pastor Burden's 2013 domestic traveling expenses.

Petitioners have presented evidence of the cost of their trip to Johannesburg, South Africa. We have an invoice showing the payment of $1,590 for airfare for Pastor Burden dated July 15, 2013. We also have an invoice in the amount of $3,300 for his travel to South Africa to be paid by September 6, 2013. While in

South Africa, Pastor Burden gave a prayer of dedication during a renewal of vows ceremony. He also engaged in what we assume to be sightseeing activities: He visited the Apartheid Museum, the Robben Island Museum, Nelson Mandela's residences in Johannesburg and Soweto, Bishop Tutu's residence, and the botanical gardens. For Pastor Burden's traveling expenses to South Africa to be deductible, however, petitioners would have to show that the trip primarily related to his trade or business (i.e., his pastoral responsibilities). That they have failed to do.

Pastor Burden's calendar and mileage logs contain little more than annotations that he traveled to South Africa between December 2 and 14, 2013. And while he testified that he carried out daily devotions with the people who accompanied him on the trip and, during the rest of the trip "[t]here were other engagements, such as the wedding renewal[,] * * * [a] naming ceremony, * * * [and] speaking engagements", his testimony was too vague for us to conclude that the trip primarily related to his pastoral responsibilities. Likewise with the trips to the Dominican Republic, where, although he conducted a revival ceremony, his wife had family and he engaged in recreational activities and went sightseeing. Petitioners have failed to show that Pastor Burden's travel in 2013 either to the Dominican Republic or to South Africa primarily related to his trade or business.

We conclude that his traveling expenses were personal expenses and not deductible for Federal income tax purposes. See sec. 262(a); sec. 1.162-2(b)(1), Income Tax Regs.[3]

We will sustain respondent's adjustment disallowing petitioners a deduction for traveling expenses of $10,897.

D.    Miscellaneous Business Expenses Not Including Meals and Entertainment

Respondent disallowed petitioners' claimed deduction of $5,444 for miscellaneous business expenses. Petitioners allege that Pastor Burden incurred the following business expenses, totaling $7,148, in 2013: office furniture, $2,990; computers, $2,126; cell phone charges, $1,440; internet usage, $492; and ink or paper, $100.

Pastor Burden testified that, in 2013, he paid $2,990 for a desk, a credenza, file cabinets, and bookcases for his home office in petitioners' basement, which he used for ministry business. Petitioners have substantiated that, in 2013, Pastor Burden paid $2,963 for furniture, which we find to be the cost of the furniture described. And while petitioners claimed no home office deduction, we also find

---

[3]We note in passing that, in connection with Pastor Burden's travel to the Dominican Republic, the only expenditure for which petitioners presented evidence of an amount paid was $51 for an airfare departure tax (which, nevertheless, is insufficient evidence of business travel to get them a deduction).

that Pastor Burden used the furniture for business purposes. Office furniture is a capital asset, and, barring an election under section 179, petitioners were not entitled to deduct for 2013 the full cost of the furniture. See secs. 167(a), 263(a)(1)(G); Ellis Banking Corp. v. Commissioner, 688 F.2d 1376, 1379 (11th Cir. 1982), aff'g in part, remanding in part on other grounds T.C. Memo. 1981-123. Petitioners' accountant testified at trial that he had not capitalized the cost of the furniture because he "just used the 179 deduction." Section 179(a) provides an election to treat the cost of certain property as an expense not chargeable to a capital account. The election is made on IRS Form 4562, Depreciation and Amortization, which, the form specifies, is to be attached to the taxpayer's return. A taxpayer who fails to make the election is denied the benefits of section 179. E.g., Jackson v. Commissioner, T.C. Memo. 2008-70, 2008 WL 731318, at *7. Petitioners have not shown that they made a section 179 election with respect to the office furniture. We leave it to the Rule 155 computations to calculate the deduction (if any, given the section 67 limitation on miscellaneous itemized deductions) to which petitioners are entitled.

Pastor Burden testified, and we find, that, on July 2 and September 17, 2013, he paid $1,066 and $1,199 for two computers, a laptop and a desktop, respectively. When asked by his counsel whether he used the computers for any

personal purposes, he responded that he did not use the desktop computer for personal purposes. For 2013, section 280F(d)(4)(A)(iv) subjected computers to the special substantiation requirements of section 274 as "listed property".[4] Petitioners offer nothing (and have not even addressed the issue on brief) to satisfy the substantiation requirements for listed property by showing business purpose and business use for the two computers. See sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). We, therefore, allow petitioners no deduction for the cost of either computer.

Petitioners could produce no cell phone bills for 2013. To support their deduction of a 2013 cell phone expense petitioners provide a page of a cell phone bill showing a charge of $126 for one month in 2015 for a phone number in Pastor Burden's name on a family-plan account billed to Ms. Torres. While Pastor Burden testified that he used the phone in his work to make and receive calls from his congregants, petitioners offered no evidence that he was required by his

---

[4]Computers and peripheral equipment are excepted from the definition of "listed property" if "used exclusively at a regular business establishment and owned * * * by the person operating such establishment." Sec. 280F(d)(4)(B). A home office qualifies as a regular business establishment "if (and only if) the requirements of section 280A(c)(1) are met" with respect to that space. Id. Since petitioners have not shown that they meet the requirements of sec. 280A(c)(1) for the deduction of home office expenses, the exception set forth in sec. 280F(d)(4)(B) is inapplicable here.

employer to have a cell phone, that he would not have had a cell phone independent of any business use of it by him, or of how much he used his phone for business purposes and how much he used it for personal purposes.

Cell phones were no longer listed property under section 280F for 2013; therefore, petitioners are not required with respect to any cell phone expense to meet the strict substantiation requirements of section 274(d).  They must, however, still substantiate that Pastor Burden used his cell phone for business and provide credible evidence as to the cost of the phone service and of the portion of his use of the phone for business purposes.  See Windham v. Commissioner, T.C. Memo. 2017-68, at *23 n.18.  Petitioners have provided no evidentiary basis for applying the Cohan rule to Pastor Burden's cell phone expenses.  Therefore, we will allow petitioners no deduction for any cell phone expense.  See id. at *24.

Petitioners produced a cable bill for cable TV and internet services at their home for one month in 2015 showing a charge of $41 for the internet service. They had no bills for 2013.  While Pastor Burden testified that he used the internet for work, he offered no testimony or other evidence from which we could estimate his usage for work apart from his and Ms. Torres' usage for personal purposes.  As with his cell phone expense, we will allow petitioners no deduction for internet expense.  See Venuto v. Commissioner, T.C. Memo. 2017-123, at *17.

Petitioners have not produced any receipts or bills that would substantiate their deduction of $100 for ink or paper. We will allow petitioners no deduction for ink or paper.

E.    Meals and Entertainment Expenses

Petitioners deducted as unreimbursed employee business expenses $2,904 for meals and entertainment expenses ($1,452 after the 50% limitation provided for by section 274(n)). Meals and entertainment expenses are subject to the heightened substantiation requirements of section 274(d). Petitioners have provided credit card records that show expenditures during 2013 at what appear to be restaurants. That is insufficient. To be allowed to receive a deduction for an expenditure for a meal, a taxpayer must by adequate records or by sufficient evidence corroborating the taxpayer's own statements show not only the time and place of the meal but also the business purpose. Sec. 274(d); sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(b)(3), (c), Temporary Income Tax Regs., 50 Fed. Reg. 46015, 46016 (Nov. 6, 1985). Petitioners' credit card records do not explain the business purpose of the meals charged or how the expenditures relate to Pastor Burden's employment. We will allow petitioners no deduction for meals or entertainment.

F.     <u>Union Dues and Professional Association Dues</u>

Petitioners claimed unreimbursed employee business expenses of $480 for union dues and professional association dues.  They have, however, failed to provide any testimony, records, or other evidence sufficient to substantiate that they paid any union dues and professional association dues during 2013.  We will allow petitioners no deduction for such dues.

G.     <u>Crash Pad</u>

Petitioners deducted $1,440 as an unreimbursed employee business expense for a "crash pad":  a hotel room in northern New Jersey that Ms. Torres shared with other flight attendants when in 2013 she had to stay overnight at the airport in northern New Jersey where she was stationed.  In 2013, Ms. Torres shared a home with Pastor Burden in Ohio.  To support their claimed deduction, petitioners produced three checks:  one dated November 15, 2016, for $200 and two others with dates that could not be read for $200 and $205, respectively.

Traveling expenses are deductible under section 162(a)(2) when incurred while away from home in the pursuit of a trade or business.  A taxpayer's "home", for purposes of section 162(a)(2), generally means the vicinity of his principal place of employment rather than his personal residence.  <u>Mitchell v. Commissioner</u>, 74 T.C. 578, 581 (1980); <u>Brown v. Commissioner</u>, T.C. Memo.

2019-30, at *8. Where a taxpayer's principal place of employment is other than his residence and he chooses not to move his residence for personal reasons, the taxpayer's additional living and traveling expenses are a result of personal choice and are not ordinary and necessary business expenses. Tucker v. Commissioner, 55 T.C. 783, 786 (1971). We will not allow petitioners a deduction for any crash pad expenses incurred in 2013.

H.    Special Shoes

Petitioners deducted $619 as an unreimbursed employee business expense for "special shoes". Because petitioners have failed to offer any evidence of the business need for the shoes or that any amount was paid for shoes in 2013, we will allow no deduction for the $619 claimed spent for special shoes.

I.    Tax Preparation Fees

Petitioners claimed a deduction for tax preparation fees of $250 on the tax return. At trial, petitioners submitted a copy of a canceled check for $200 paid to their accountant, Larry Word, dated May 20, 2013. Therefore, petitioners are entitled to deduct tax preparation fees of $200 under section 212(3).

J.     Accuracy-Related Penalty

Respondent determined an accuracy-related penalty of $1,168.  Pursuant to section 6662(a) and (b)(1) and (2) a taxpayer may be subject to an accuracy-related penalty for an underpayment attributable to, among other things, negligence or disregard of rules or regulations or a substantial understatement of income tax.  Petitioners did not in their petition claim that respondent erred in determining the penalty.  Nor after retaining counsel did they move to amend the petition to assign error to respondent's penalty determination.  See Rule 41(a).  We assume that petitioners, therefore, concede the penalty, see, e.g., Swain v. Commissioner, 118 T.C. 358, 362-363 (2002), and we will not further address it.

IV.     Conclusion

To reflect the foregoing,

Decision will be entered under

Rule 155.