**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3362
_____

DONALD T. ROBINSON;
MARLENE B. ROBINSON,
                                        Appellants

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE
_____

On Appeal from the United States Tax Court
(Tax Court Action No. 20544-08)
Tax Court Judge:  Honorable Thomas B. Wells
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 2, 2012

Before:  CHAGARES, VANASKIE and BARRY, Circuit Judges

(Opinion filed: July 12, 2012 )
_____

OPINION
_____

PER CURIAM

        Donald T. Robinson and Marlene B. Robinson ("the Robinsons"), husband and

wife proceeding pro se, appeal a United States Tax Court decision sustaining the Internal

Revenue Service's ("IRS") determination of income tax deficiencies and penalties for the

years 2004 and 2005.  For the following reasons, we will affirm.

I.

Because we write primarily for the parties, who are familiar with the facts, we will not recite them except as necessary to the discussion. During 2004 and 2005, the years relevant to this appeal, Donald Robinson was employed as a full-time professor at Rowan University. He also taught classes at Temple University, which treated him as an employee for tax purposes.[1] During those years, Marlene Robinson was employed as the general manager for Influence Marketing, a wholly owned subsidiary of QVC, Inc. The Robinsons filed their joint tax returns for 2004 and 2005 in April 2007 and June 2007, respectively. On a Schedule C attached to their 2004 return, Donald claimed $1,795 in income and $25,164 in expenses relating to his work for Temple. On a Schedule A, the Robinsons claimed a miscellaneous deduction of $23,597, the largest portion of which was allegedly from Marlene's unreimbursed employee business expenses. They reported similar expenses for 2005: on their Schedule C, Donald reported $4,045 of Temple income, with $26,826 in expenses, and they claimed a miscellaneous deduction of $24,030 on their Schedule A.

The IRS mailed the Robinsons letters in November 2007 and December 2007, stating that it was examining their 2004 and 2005 tax returns. Thereafter, in June 2008,

---

[1] From 1985 until 1996, Temple treated Donald Robinson as an independent contractor. In 1996, Temple began treating him as an employee. Donald asked that Temple continue to treat him as an independent contractor, but they declined. Nevertheless, the Robinsons continued to report his Temple income as if he was an independent contractor.

the IRS issued the Robinsons a notice of deficiency for 2004 and 2005. The deficiency stated that Donald was an employee, not an independent contractor, of Temple, and that the Robinsons were not entitled to deduct their reported Schedule C or Schedule A expenses. The Robinsons filed a timely petition for redetermination.

In May 2011, the Tax Court determined that the Robinsons bore the burden of proof as to any claimed deduction, and that they had failed to meet that burden for their claimed Schedule C expenses and Schedule A deductions. The Tax Court also upheld the IRS's determination that the Robinsons were liable for additions to tax under 26 U.S.C. § 6651(a)(1) and for accuracy-related penalties under § 6662(a). The Tax Court did, however, disagree with the IRS that Donald was an employee of Temple, and concluded that Donald was an independent contractor. After the Tax Court issued its decision in August 2011, the Robinsons filed a timely notice of appeal.

## II.

We have jurisdiction to review decisions of the Tax Court under 26 U.S.C. § 7482(a)(1). We review the Tax Court's factual findings for clear error and exercise plenary review over its conclusions of law. See PNC Bancorp, Inc. v. Comm'r, 212 F.3d 822, 827 (3d Cir. 2000).

## III.

A.     The Robinsons' Claims on Appeal

Initially, the Robinsons claim that the IRS improperly denied them an extension of time to prepare and produce documents for their audit. In the November and December

3

2007 letters, the IRS requested substantiation of the expenses the Robinsons claimed as deductions. During the course of the examination, the Robinsons never presented any substantiating documentation. On April 25, 2008, the Robinsons' tax representative requested a thirty-day extension, which the IRS declined. The Robinsons argue that by not allowing their representative the extension to prepare for the audit, the IRS essentially denied them both an audit and representation. The Robinsons' argument is unavailing. They had over six months to produce the requested documents. Moreover, the Robinsons admit that they weighed the costs of obtaining counsel to represent them in the Tax Court, and decided to proceed pro se in the hope that the parties would settle the matter. Their assertion that the IRS retaliated against them by refusing to settle is conclusory, and, in any event, the IRS had no duty to settle with them.

The Robinsons also claim that the Tax Court should have shifted the burden of proof to the IRS pursuant to 26 U.S.C. § 7491(a)(1). Under § 7491(a)(1), if a taxpayer presents credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer, and substantiates that evidence and cooperates with the IRS, the burden of proof does shift to the IRS. The Robinsons assert that they produced "voluminous" records, and that the IRS and Tax Court "cherry picked" examples that did not appear to be business related. We agree with the Tax Court that such burden shifting was unwarranted because, as discussed below, the Robinsons presented no credible evidence to substantiate their claimed deductions and expenses.

B.     The Tax Court Decision

4

Taxpayers bear the burden of establishing that they are entitled to deductions they claim. See INDOPCO, Inc. v. Comm'r, 503 U.S. 79, 84 (1992). The IRS requires taxpayers to keep records to support deductions. See 26 U.S.C. § 6001. Section 162(a) permits deductions for "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Additionally, § 212 allows for deductions of ordinary and necessary expenses incurred "(1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; or (3) in connection with the determination, collection, or refund of any tax." Certain expenses carry a higher burden of substantiation, absent which "no deduction . . . shall be allowed." § 274 (disallowing deductions for travel, meals, entertainment, and listed property absent adequate substantiation). Taxpayers may not deduct personal, living, or family expenses. § 262(a).

The Robinsons do not challenge the Tax Court's specific findings relating to their claimed expenses with any specific argument or evidence. They merely state that they produced "voluminous" records and that the Tax Court "cherry picked" from those records.

### 1. Schedule C Deductions

Most of the Robinsons' claimed expenses on their Schedule C for each year relate to Donald's use of his home office, e.g., for the business use of the home, office expenses, repairs and maintenance, supplies, and utilities. Such deductions are permitted only for the allocable portion of a residence that is used exclusively and on a regular basis

as a taxpayer's principal place of business.  § 280A(a) and (c); Comm'r v. Soliman, 506 U.S. 168, 173 (1993).  The business use must be more than occasional or incidental. Jackson v. Comm'r, 76 T.C. 696, 700 (1981).  The Tax Court considered the evidence that Donald, a full-time employee of Rowan University, completed only minimal work for Temple each year.  The Tax Court properly concluded that Donald had failed to offer evidence that proved regular use of the office to satisfy § 280A, and therefore correctly sustained the disallowance of those expense deductions.

A portion of their claimed home expenses was for use of a cellular phone and computer.  Such expenses are subject to the strict substantiation requirements of § 274(d) because they are "listed property" under that section and under § 280F(d)(4).  The Robinsons failed to present any evidence establishing the business use of these items, and thus, the Tax Court properly concluded that the claimed expenses were unallowable.

Likewise, the Robinsons failed to substantiate the business use of Donald's 2004 Chrysler Pacifica.  See §§ 274(d) and 280F(d)(4) (listing passenger automobiles).  The Robinsons did not provide a travel log documenting business trips or any evidence explaining how and why he traveled tens of thousands of miles for relatively few days of teaching at Temple, nor did they explain how they allocated expenses including loan payments and repairs to Donald's business use.  Accordingly, we find no error with the Tax Court's decision sustaining the disallowance of the Robinsons' car and truck expenses.

Finally, the Tax Court did not err in sustaining the disallowance of the deductions claimed for travel, meals, and entertainment, as the Robinsons provided no evidence to support the business purpose of those expenses. The Tax Court also correctly sustained the IRS on the matter of the Robinsons' claimed "other expenses," which allegedly represented necessary publications that Donald used in his work for Temple. However, they provided only canceled checks and credit card statements for the 2004 expenses, with no details about specific purchases. For the 2005 expenses, the Robinsons provided receipts. However, the receipts totaled less than the amount they claimed as a deduction, most were clearly not related to Donald's work with Temple, and Donald did not explain or provide evidence of the business purposes of the remainder.[2]

2. Schedule A Deductions

Employees can deduct unreimbursed business expenses using Schedule A only to the extent such expenses exceed two percent of the individual's adjusted gross income. § 67(a). For both years, the Robinsons claimed gasoline, oil, repairs, vehicle insurance, and mileage for Marlene's use of the couple's Chrysler Sebring as unreimbursed business expenses. However, as with Donald's car, the Robinsons failed to provide any evidence to substantiate the business purposes of the claimed expenses, as § 274(d) requires.

---

[2] The Robinsons do argue that the Tax Court erred in considering one of his purchases—a biography of Frank Lloyd Wright—personal in nature. However, we cannot say that the Tax Court clearly erred, and in any event, such an error would be de minimis in nature in light of the thousands of dollars in unsubstantiated deductions.

Accordingly, the Tax Court properly found that they were not entitled to those deductions.

From the little evidence provided, the Tax Court could not determine how the Robinsons arrived at the remainder of the expenses they reported for Marlene. They did not produce any records to document the purposes of their claimed expenses, and what records and receipts they did provide were uncategorized and not tied to the amounts reported on their Schedule A. Marlene testified that she and her family took trips and visited museums and tourist sites for business purposes ("benchmarking"). The Tax Court rejected her claim, as the evidence provided showed expenditures for family trips to Disneyland and Disney World, hotel stays, retail items, and airfare for Marlene, Donald, their daughter, and, in one case, for Marlene's mother and Donald's mother. The Tax Court reasonably determined that the Robinsons failed to demonstrate that their expenses were not primarily personal, and were ordinary and necessary for Marlene's employment. See § 162(a).

Finally, the Tax Court noted that the Robinsons had failed to offer any evidence whatsoever to substantiate the Schedule A expenses claimed by Donald as unreimbursed business expenses or for their tax preparation expenses. Accordingly, we find no error in the Tax Court's decision to sustain the IRS's disallowance of those expenses.

### 3. Additional Penalties

We also conclude that the Tax Court properly sustained the additions to tax. An addition to tax shall be added if a taxpayer fails to file a timely tax return without

8

reasonable cause. § 6651(a)(1); see also Calloway v. Comm'r, 135 T.C. 26, 45 (2010). The Robinsons do not dispute that they filed their returns late. They claim that their delay was due to reasonable cause because they were waiting for the Tax Court to rule on a prior dispute. However, as the Tax Court pointed out, the decision in the prior case was entered in November 2004. The Robinsons' 2004 and 2005 returns were due in April 2005 and April 2006, respectively. They did not file either until late 2007. Accordingly, their argument is unpersuasive.

Likewise, the Tax Court properly sustained the accuracy-related penalties. Section 6662(a) imposes a twenty percent tax on the portion of an underpayment attributable to, inter alia, a "substantial understatement of income tax." § 6662(a) and (b). A substantial understatement is an amount exceeding the greater of ten percent of the tax required to be shown on the return or $5,000. § 6662(d)(1)(A). The amount by which the Robinsons underestimated their tax liability exceeded both ten percent of the tax required and $5,000.

Finally, the Robinsons' argument that this Court should bar enforcement of the deficiency as a matter of fairness is not persuasive.

IV.

For the foregoing reasons, we will affirm the Tax Court's judgment.