# United States Tax Court

T.C. Memo. 2023-26

JOSEPH AMUNDSEN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 9996-21.                                    Filed March 1, 2023.

————

Joseph Amundsen, pro se.

*Rachel L. Schiffman*, *Mimi M. Wong*, and *Michael J. De Matos*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

WEILER, *Judge*: With respect to petitioner's federal income tax for 2017, the Internal Revenue Service (IRS or respondent) disallowed a deduction claimed on his Schedule C, Profit or Loss From Business, of $52,110. By statutory notice of deficiency, respondent determined a deficiency in petitioner's federal income tax and an accuracy-related penalty pursuant to section 6662(a)[1] for the tax year at issue of $12,786 and $2,557, respectively. Respondent disallowed the claimed deduction for lack of substantiation. The issues for decision are whether petitioner is (1) entitled to deduct reported Schedule C business expenses of $52,110 and (2) liable for an accuracy-related penalty of $2,557 pursuant

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar.

**[\*2]** to section 6662(a). As discussed below, we find for respondent to the extent set forth herein.

FINDINGS OF FACT

This case was tried on May 17, 2022, during the Court's New York City, New York, trial session. Before trial the parties did not file a stipulation of facts in accordance with Rule 91 because petitioner refused to engage in the stipulation process. Consequently, the evidence in this case consists solely of the testimony heard and the exhibits submitted by the parties at trial, which were admitted into evidence by the Court. Petitioner resided in Pennsylvania when the Petition was timely filed.

I.    *Petitioner's Background*

Petitioner received his undergraduate degree from the University of California, Berkeley. Petitioner is a certified public accountant (CPA) licensed in California and New York, and he runs his accounting practice as a sole practitioner under the name "Joseph Amundsen CPA." Petitioner operates his accounting practice from his home in Easton, Pennsylvania, and makes frequent business trips to New York City and New Jersey.

II.   *Petitioner's 2017 Tax Return*

Petitioner filed his joint 2017 Form 1040, U.S. Individual Income Tax Return, with his wife, Annie Amundsen.[2] Petitioner attached a Schedule C to the joint 2017 Form 1040 for his accounting practice and reported gross receipts of $52,807 and cost of goods sold of $52,110, resulting in a total business profit of $697.

III.  *Schedule C Expenses*

On his 2017 Schedule C petitioner reported various expenses relating to his accounting practice under cost of goods sold of $52,110. Petitioner improperly included all expenses relating to his accounting practice as a single line item under cost of goods sold, which comprised distinct expenses—rent, home office, office supplies, meals, travel, entertainment, licenses, etc.

---

[2] Mrs. Amundsen is not a party to this case.

**[\*3]** To support these expenses petitioner provided over 200 pages of documents. Petitioner created most of these documents, which consist of a profit and loss statement, a revenue and expenses statement, a depreciation schedule, a 2017 accounting fee list, a general ledger comprising numerous entries for both personal and purported business expenditures, and a tax diary where petitioner logged his business travels. Petitioner also produced a canceled check relating to the refinancing of his home and personal USAA bank statements that reflect the names of various vendors and the outflow of funds. However, petitioner did not provide any receipts corresponding to the expenses listed in his documents or details of the purchases listed on his bank statements.

IV.    *Notice of Deficiency*

In a civil penalty approval form dated November 26, 2018, Revenue Agent Michela McGowan made the initial determination to assert an accuracy-related penalty pursuant to section 6662(a) for the 2017 tax year. Ms. McGowan's then-immediate supervisor, Supervisory Revenue Agent Sandra DeFebo, signed the civil penalty approval form on November 26, 2018.

Sometime after the IRS determined that an accuracy-related penalty was appropriate in this case, respondent issued petitioner a notice of deficiency, which disallowed the Schedule C deduction claimed for cost of goods sold of $52,110 for lack of substantiation. Respondent determined that petitioner is liable for a deficiency of $12,786 for the 2017 tax year. Additionally, respondent determined that petitioner is liable for an accuracy-related penalty pursuant to section 6662(a) of $2,557.

OPINION

I.    *Burden of Proof*

In general, the Commissioner's determinations set forth in a notice of deficiency[3] are presumed correct, and the taxpayer bears the

---

[3] Because of respondent's clerical error the notice of deficiency issued to petitioner failed to include the mailing date or deficiency and penalty amounts on its cover page. Notwithstanding this clerical error respondent asserts in his Answer filed on July 26, 2021, that the notice of deficiency was mailed to petitioner on February 2, 2021. Moreover, the deficiency amount and accuracy-related penalty determined

[*4] burden of proving otherwise. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Section 7491(a) provides that the burden of proof may shift to respondent if the taxpayer "introduces credible evidence with respect to any [relevant] factual issue" and satisfies three additional conditions. Petitioner does not contend, and the record does not establish, that the burden of proof shifts to respondent under section 7491(a)(1). Therefore, the burden remains with petitioner.

## II. *Legal Background*

Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction claimed. *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. I.R.C. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976). A taxpayer must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. I.R.C. § 6001; *Hradesky*, 65 T.C. at 89–90.

Under section 162(a), a deduction is allowed for "ordinary and necessary expenses paid or incurred . . . in carrying on any trade or business." Whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. *See Commissioner v. Heininger*, 320 U.S. 467, 475 (1943). An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, *Deputy v. du Pont*, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, *Commissioner v. Heininger*, 320 U.S. at 471; Treas. Reg. § 1.162-1(a).

When a taxpayer establishes that he or she paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court may sometimes estimate the amount allowable as a deduction. *Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930); *Vanicek v.*

---

against petitioner are set forth in the subsequent pages of the notice of deficiency, and on March 22, 2021, petitioner timely filed his Petition. Accordingly, we see no jurisdictional issues and find the notice of deficiency to be valid. *See Smith v. Commissioner*, 114 T.C. 489, 492 (2000), *aff'd*, 275 F.3d 912 (10th Cir. 2001).

**[*5]** *Commissioner*, 85 T.C. 731, 742–43 (1985). However, there must be sufficient evidence in the record to permit the Court to conclude that a deductible expense was paid or incurred in at least the amount allowed. *Williams v. United States*, 245 F.2d 559, 560 (5th Cir. 1957). Moreover, certain deductions, including those related to travel, are subject to strict substantiation requirements. *See* I.R.C. § 274(d).

Section 274(d) prescribes more stringent substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including travel expenses, meals and lodging while away from home, and expenses with respect to listed property as defined in section 280F(d)(4). *See Sanford v. Commissioner*, 50 T.C. 823, 827 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969).

To deduct travel expenses a taxpayer must substantiate with adequate records[4] or by sufficient evidence corroborating his own statement (1) the "[a]mount of each separate expenditure for traveling away from home . . . except that the daily cost of the traveler's own breakfast, lunch, and dinner and of expenditures incidental to such travel may be aggregated, if set forth in reasonable categories, such as for meals, for gasoline and oil, and for taxi fares"; (2) "[d]ates of departure and return for each trip away from home, and number of days away from home spent on business"; (3) "[d]estinations or locality of travel, described by name of city or town or other similar designation"; and (4) the "[b]usiness reason for travel or nature of the business benefit derived or expected to be derived as a result of travel." Temp. Treas. Reg. § 1.274-5T(b)(2), (c)(1); *see also* I.R.C. § 274(d).

---

[4] Temporary Treasury Regulation § 1.274-5T(c)(2) provides in relevant part that "adequate records" generally consist of an account book, a diary, a log, a statement of expenses, trip sheets, or a similar record made at or near the time of the expenditure or use, along with supporting documentary evidence. The Court may not use the rule established in *Cohan v. Commissioner*, 39 F.2d at 543–44, to estimate expenses covered by section 274(d). *Sanford*, 50 T.C. at 827; Temp. Treas. Reg. § 1.274-5T(a). Taxpayers lacking a contemporaneous log are expected to maintain a record created as near in time as possible to the particular expenditure (including the elements outlined above), supported by corroborative documentary evidence that carries with it a high degree of probative value. Temp. Treas. Reg. § 1.274-5T(c)(1). If a taxpayer does not satisfy the adequate records requirements with respect to one or more elements, he or she may substantiate those elements with his or her own detailed statement and with other corroborative evidence. *Id*. subpara. (3).

[*6] III.    *Schedule C Business Expense Deductions*[5]

On his 2017 Schedule C petitioner claimed a deduction for all expenses relating to his accounting practice as cost of goods sold of $52,110. Petitioner avers that his 2017 Schedule C expenses comprise three expense categories: accounting practice, home office, and travel.[6] Petitioner argues that the three categories of expenses total $52,595, which is slightly more than the amount reported on his 2017 Schedule C of $52,110 and different from his "Profit & Loss" and "Schedule C — revenue and expense" statements of $55,566 and $41,333, respectively.

A.    *Accounting Practice Expense Deductions*

In support of these expenses, petitioner produced bank statements and canceled checks from his USAA checking account, which he used for both personal and business expenditures. Petitioner also introduced numerous documents he prepared, including a voluminous general ledger. While the general ledger does have headings (e.g., date, name, category, etc.) under which the expenses are cataloged, it, and the other documents in the record, provide little to no clarity as to the expenses themselves.[7] While we need not undertake the work of sorting through every piece of evidence that petitioner has provided in an attempt to find support for his reported expenses, *see, e.g.*, *Hale v. Commissioner*, T.C. Memo. 2010-229, 2010 WL 4120880, at *2 (refusing to "undertake the task of sorting through the voluminous evidence [the taxpayer] has provided in an attempt to see what is, and what is not,

---

[5] Petitioner seems to rely on IRS Publications 463 and 587 regarding his meals, travel, and home office related expenses, respectively, as authority for his claimed deductions. "Administrative guidance contained in IRS publications is not binding on the Government, nor can it change the plain meaning of tax statutes." *Miller v. Commissioner*, 114 T.C. 184, 195 (2000). Moreover, "[t]he authoritative sources of Federal tax law are the statutes, regulations, and judicial decisions; they do not include informal IRS publications." *Id.* Consequently, petitioner's reported expenses must satisfy the applicable provisions of the Code to be deducted.

[6] Petitioner also requested that this Court exclude the proceeds of his home mortgage refinancing from the gross receipts reported on his 2017 Schedule C. Petitioner's documents reporting gross income conflict with one another and with his 2017 Schedule C. Accordingly, petitioner has failed to provide "cogent proof" that the gross receipts total reported on his 2017 Schedule C is incorrect. *See Mendes v. Commissioner*, 121 T.C. 308, 312 (2003).

[7] For example, petitioner lists grocery stores for expenses categorized as personal and business (office supplies, entertainment, travel, etc.), making it impossible for this Court to differentiate between legitimate business expenses under section 162 and personal expenses under section 262.

**[\*7]** adequate substantiation of the items on [the taxpayer's] returns"), petitioner's documents, bank statements, and canceled checks clearly substantiate certain business expenses petitioner's accounting practice incurred during the 2017 tax year. Specifically, petitioner's USAA checking account records indicate expenses of $500, $120, and $1,295, corresponding to a payment made to the Public Company Accounting Oversight Board, a CPA license fee paid to the California Board of Accountancy, and a payment to Drake Software (a provider of tax preparation software), respectively. Accordingly, we conclude that petitioner is entitled to a deduction for each of these three expenses (namely the $500, $120, and $1,295 described above) pursuant to section 162.

Despite this finding petitioner neither testified to, nor produced any documents or receipts into the record that provide, detail or insight into the remainder of the business expenses he reported. Although under *Cohan* we may estimate additional expenses not subject to section 274(d), because of the limited record any basis on which an estimate may be made is lacking. *See Williams*, 245 F.2d at 560; *Cohan v. Commissioner*, 39 F.2d at 543–44; *Vanicek*, 85 T.C. at 742–43. Because the record contains no evidence upon which we could base such an estimate, we find that petitioner has failed to prove that he is entitled to any deductions in excess of what we have allowed under section 162(a). *See* Rule 142(a). Consequently, we sustain respondent's disallowance of petitioner's claimed deductions in excess of the three above-mentioned expenses we find petitioner is entitled to deduct.

B.    *Travel Expense Deduction*

Petitioner offered his tax diary as proof of travel expenses; however, it fails to satisfy the strict substantiation requirements of section 274(d) since he failed to list the time, place, and business purpose of his travels. *See* Temp. Treas. Reg § 1.274-5T(b). The tax diary contains vague names without any indication of who these people are or how they relate to petitioner's accounting practice. Additionally, petitioner's tax diary contains a "per diem" entry of $50 for each day of travel. Petitioner relies on I.R.S. Notice 2017-54, 2017-42 I.R.B. 321, as support for his contention that he is entitled to per diem meal expenses while traveling. However, Revenue Procedure 2011-47, which was in effect for the tax year at issue, makes clear that per diem rates are allowed to be used for meals and incidental expenses only when the taxpayer is away from home and "substantiates the elements of time, place, and business purpose of the travel for that day" in accordance with Temporary

**[\*8]** Treasury Regulation § 1.274-5T(b). *See* Rev. Proc. 2011-47, § 4.03, 2011-42 I.R.B. 520, 523. Petitioner is not entitled to a per diem amount for meal expenses since he fails to meet the threshold requirements of Temporary Treasury Regulation § 1.274-5T(b). Accordingly, petitioner is not entitled to a deduction for travel or meal expenses.

C. *Office Deductions*

Section 280A(a) disallows any deduction, even if otherwise allowable under the Code, with respect to the business use of a taxpayer's personal residence, except as provided in section 280A(c)(1). Section 280A(c) provides, in relevant part, that subsection (a) shall not apply to any item to the extent the item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis "(A) as the principal place of business for any trade or business of the taxpayer," or "(B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade of business." I.R.C. § 280A(c)(1)(A) and (B); *Robinson v. Commissioner*, 487 F. App'x 751, 754 (3d Cir. 2012), *aff'g* T.C. Memo. 2011-99.

For deductions allowed under section 280A(c)(1), the taxpayer must establish that a portion of his personal residence was (1) exclusively used, (2) on a regular basis, (3) for one of the purposes enumerated in section 280A(c). *Hamacher v. Commissioner*, 94 T.C. 348, 353 (1990). The flush text of section 280A(c)(1) provides:

> [T]he term "principal place of business" includes a place of business which is used by the taxpayer for the administrative or management activities of any trade or business of the taxpayer if there is no other fixed location of such trade or business where the taxpayer conducts substantial administrative or management activities of such trade or business.

Petitioner avers that of his claimed Schedule C deduction of $52,110, approximately $13,519 relates to his business use of a home office. Petitioner claims to have used four out of ten rooms (40%) in his residence "solely and exclusively for his [accounting] business."

As discussed above, section 280A generally provides that no deduction otherwise allowable shall be allowed with respect to the business use of a taxpayer's residence. The only evidence petitioner provided to support his contention that he used four rooms in his

[*9] residence as his principal place of business is his testimony and conclusory statements made on brief.[8] Petitioner did not provide any evidence that sheds light on the nature or extent of the work performed in the residence, whether he regularly met with clients there, or any other information relating to his business use of a home office. Consequently, petitioner has failed to satisfy section 280A(c), and we sustain respondent's disallowance of his claimed deduction for the business use of a home office.

Petitioner also argues that he incurred rent expenses in connection with an office space in New York City and dues for his membership at the Yale Club, a collegiate social club. The fact that petitioner reported rent expenses for two locations other than his home office further supports a conclusion that his personal residence was not his principal place of business. Additionally, petitioner provided no explanation as to how rent expenses for an office space in New York City and membership dues for a social club are related to his accounting practice or business expenses pursuant to section 162(a).

IV.  *Accuracy-Related Penalty*

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662(a) for 2017.

Section 6662(a) and (b)(2) imposes a penalty equal to 20% of the portion of an underpayment of tax required to be shown on a taxpayer's return that is attributable to a "substantial understatement of income tax." An understatement of income tax is a "substantial understatement" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. I.R.C. § 6662(d)(1)(A).

The Commissioner bears the burden of production with respect to a penalty imposed by section 6662(a) and is required to present sufficient evidence showing that the penalty is appropriate. *See* I.R.C. § 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001). This includes showing compliance with the procedural requirements of section 6751(b)(1). *See* I.R.C. § 7491(c); *Graev v. Commissioner*, 149 T.C.

---

[8] In any event, ex parte statements in posttrial briefs do not constitute evidence. Rule 143(c); *Evans v. Commissioner*, 48 T.C. 704, 709 (1967), *aff'd per curiam*, 413 F.2d 1047 (9th Cir. 1969); *Patitz v. Commissioner*, T.C. Memo. 2022-99, at *11; *Leith v. Commissioner*, T.C. Memo. 2020-149, at *15; *Chapman v. Commissioner*, T.C. Memo. 1997-147; *Berglund v. Commissioner*, T.C. Memo. 1995-536.

**[\*10]** 485, 493 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016).

Section 6751(b)(1) provides that no penalty shall be assessed unless "the initial determination" of such assessment was "personally approved (in writing) by the immediate supervisor of the individual making such determination." The initial penalty determination was made by Ms. McGowan on November 26, 2018, and approved in writing by her then-immediate supervisor, Ms. DeFebo, on November 26, 2018. Petitioner did not assert that respondent failed to meet his burden under section 6751. We find that respondent complied with all procedural requirements to assert the accuracy-related penalty under section 6662(a) for 2017.

Petitioner's understatement of income tax likely exceeds the greater of 10% of the amount of tax required to be shown on his joint 2017 Form 1040 or $5,000. Therefore, assuming petitioner's understatement of income tax for 2017, recomputed pursuant to Rule 155, exceeds the greater of 10% of the tax required to be shown on the return or $5,000, we find that respondent has met his burden of production to show that petitioner's understatement of income tax for 2017 was substantial.

A taxpayer may avoid a section 6662(a) penalty by showing that there was reasonable cause for the underpayment and that the taxpayer acted in good faith. I.R.C. § 6664(c)(1); *Higbee*, 116 T.C. at 448. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability and the taxpayer's knowledge, experience, and education. Treas. Reg. § 1.6664-4(b)(1).

Respondent argues that petitioner has "not provided any evidence of reasonable cause." Respondent further submits that petitioner's educational background and professional experience as a practicing CPA, who is "in the business of preparing tax returns, including Forms 1040 and Schedules C," weigh against a finding of reasonable cause. We agree.

Petitioner did not specifically address the section 6662(a) penalty at trial or on brief, and the record does not demonstrate that he acted with reasonable cause or in good faith. Therefore, petitioner has failed to satisfy his burden under section 6664(c)(1), and we sustain respondent's imposition of the accuracy-related penalty pursuant to section 6662(a) to the extent Rule 155 computations show there was a substantial understatement of income tax.

**[\*11]** V.    *Conclusion*

We have considered all of the arguments that the parties made, and to the extent they are not addressed herein, we find the arguments to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*